THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ELLIOT REED, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>-vs-<br><br>GOLF & TENNIS PRO SHOP, INC., a Georgia corporation,<br><br>Defendant. | : CIVIL ACTION NO.<br>: 2:14-cv-00895 (SDW)(MCA)<br>:<br>:<br>:<br>: **ORDER GRANTING**<br>: **FINAL APPROVAL OF CLASS ACTION**<br>: **SETTLEMENT**<br>: |

The unopposed motion by Plaintiff Elliot Reed ("Plaintiff"), which seeks entry of an Order granting final approval of the Class Settlement Agreement and Release (the "Settlement Agreement"), was before the Court for a hearing on April 1, 2015. The Court having considered all papers and arguments made with respect to the Final Approval Motion, the Settlement Agreement, and having provisionally certified a settlement class by Order dated January 22, 2015 [Doc. 25] (the "Settlement Class"), hereby finds and orders as follows:

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court finds, for settlement purposes only, that the Settlement Class satisfies the applicable standards for certification under FED. R. CIV. P. 23(a). The Court finds, for settlement purposes only that: (a) the Settlement Class is so numerous that joinder is impracticable; (b) there are questions of law and fact that are common to all Settlement Class members; (c) the Plaintiff's claims are typical of the claims of the Settlement Class; and (d) Class Counsel and Plaintiff have fairly and adequately protected the interests of the Settlement Class.

2. The Court finds, for settlement purposes only, that the Settlement Class satisfies the applicable standards under FED. R. CIV. P. 23(b)(3). The Court finds, for settlement purposes only that: (a) questions of fact and law common to the members of the settlement class predominate over any questions affecting only individual members; and (b) a settlement class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. The Court appoints, for settlement purposes only, the law firm of Cohn Lifland Pearlman Herrmann & Knopf LLP as counsel for the Settlement Class ("Class Counsel").

4. The Court appoints, for settlement purposes only, Plaintiff Elliot Reed as the representative for the Class.

5.  Notice to the Settlement Class has been provided by electronic mail or U.S. Mail to each member of the Settlement Class in accordance with the Court's Preliminary Approval Order dated January 22, 2015 [Doc. 25]. The notice: (i) fully and accurately informed Settlement Class members about the above-referenced action (the "Action") and settlement; (ii) provided sufficient information so that Settlement Class members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement; (iii) provided procedures for class members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; (iv) provided the time, date and place of the final fairness hearing; and (v) was given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstance, and satisfies due process.

6.  The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties and is supported by the Class Representative Elliot Reed (the "Class Representative").

7. The settlement as set forth in the Settlement Agreement is fair, reasonable and adequate to the members of the Settlement Class in light of the complexity, expense and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.

8. The relief made available to Settlement Class members under the Settlement Agreement, namely a credit for each eligible Settlement Class member in an amount equal to $15.00 to be used for an online or in-store purchase at any of Defendant GTPS's stores within one year, constitutes fair value given in exchange for the releases of Defendant GTPS by the Settlement Class members and the Named Plaintiff Elliot Reed, as defined in the Settlement Agreement.

9. This action is finally certified as a class action for settlement purposes only against Defendant on behalf of a Settlement Class which is defined as follows: "All members of the GTPS customer loyalty program, or Players Club Members, for whom GTPS maintains contact information, including email and/or mailing addresses, and who engaged in transactions with GTPS between February 12, 2012 and February 12, 2014 using Impacted Credit or Debit Cards, or American Express or MasterCard credit or debit cards, and may have received an electronically printed receipt at the point of sale or transaction that displayed the expiration date of the customer's credit or debit card." Specifically excluded from the class are all federal judges and members of their families within the first degree of consanguinity, and the officers, directors and counsel of record of Defendant.

10. The Settlement Agreement submitted by the Parties is finally approved as fair, reasonable and in the best interests of the Settlement Class, and the Parties are directed to consummate the Settlement Agreement in accordance with its terms.

11. The Complaint in this Action shall be deemed dismissed with prejudice 15 days after this Order becomes final in accordance with the Settlement Agreement.

…

12. The Court hereby approves and orders that the Released Parties, as defined in the Settlement Agreement, are hereby released and forever discharged from the Released Claims, as defined in the Settlement Agreement, whether known or unknown, suspected or unsuspected, in law or equity, that any member of the Settlement Class who has not timely excluded himself/herself from this Action and settlement (including their past, present or future agents, legal representatives, trustees, parents, partners, estate, heirs, executors and administrators) ever had, now has, or hereafter can, shall or may have against the Released Parties, as defined in the Settlement Agreement.

13. Settlement Class members and each of their, his, or her, as the case may be, respective successors, assigns, legatees, heirs and personal representatives heirs, executors, administrators, are hereby permanently barred and enjoyed from instituting, commencing, prosecuting or continuing to prosecute, either directly or indirectly, any Released Claim against any of the Released Parties in any forum, as defined in the Settlement Agreement.

14. Without affecting the finality of this Order, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the Settlement Agreement.

15. Neither the Settlement Agreement in this action, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of GTPS; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or admission of GTPS in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

16. An award of $145,000.00 in attorney's fees and costs to Class Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts in prosecuting this action, and the benefits obtained for the Settlement Class members.

17. An incentive award to Plaintiff Elliot Reed in the form of gift cards in a total amount of $2,500.00 is fair and reasonable in light of Plaintiff's risks in commencing this Action as the Class Representative and time and effort spent litigating this action as the Class Representative.

**IT IS SO ORDERED.**

DATED: _April 1_, 2015

_____
HONORABLE SUSAN D. WIGENTON, USDJ

DMSLIBRARY01:25174333.1